O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT J. LAIBACH,                    )
                     Plaintiff,        )   Case No. ED CV 07-1400-OP
                                       )
          v.                           )
                                       )   MEMORANDUM OPINION; ORDER
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
                     Defendant.        )
_____       )

     The Court[1] now rules as follows with respect to the disputed issues listed in
the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

_____

     [1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
the United States Magistrate Judge in the current action.  (See Dkt. Nos. 10, 11.)

     [2] As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the
Administrative Record, and the Joint Stipulation filed by the parties.  In
accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has
determined which party is entitled to judgment under the standards set forth in 42
U.S.C. § 405(g).

# I.

## DISPUTED ISSUES

As reflected in the JS, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1.      Whether the ALJ properly determined that Plaintiff's condition fails to satisfy the requirements of Listing 2.08;

2.      Whether the ALJ properly evaluated Plaintiff's subjective complaints.[3]

(JS at 3.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450,

---

[3] Plaintiff also contends that the ALJ erred by improperly discounting his credibility. (JS at 2, 7-8.) The Court discusses this issue in its analysis regarding the ALJ's evaluation of Plaintiff's subjective complaints.

2

1    1452 (9th Cir. 1984).

2                                    **III.**

3                              **DISCUSSION**

4    **A.    The ALJ Did Not Err in Finding that Plaintiff's Condition Did Not**

5         **Meet or Equal Any Listing.**

6         The Commissioner's Listing of Impairments ("Listings") sets forth certain

7    impairments which are presumed to be of sufficient severity to prevent the

8    performance of work.  See 20 C.F.R. § 404.1525(a).  If a claimant has an

9    impairment which meets or equals a listed impairment, disability is presumed,

10   and benefits are awarded.  See 20 C.F.R. § 404.1520(d); Barker v. Sec'y of

11   Health & Human Servs., 882 F.2d 1474, 1477 (9th Cir. 1989).

12        The claimant has the burden of proving disability, including disability

13   based on the Listing.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995); Vick

14   v. Comm'r of Soc. Sec. Admin., 57 F. Supp. 2d 1077, 1087 (D. Or. 1999).  The

15   mere diagnosis of a listed condition does not establish that a claimant "meets" the

16   Listings.  Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990).  "For a

17   claimant to show that his impairment matches a listing, it must meet all of the

18   specified medical criteria.  An impairment that manifests only some of those

19   criteria, no matter how severely, does not qualify."  Sullivan v. Zebley, 493 U.S.

20   521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); see also 20 C.F.R. §

21   404.1525(d).  Thus, the ALJ must find that the claimant has an impairment which

22   corresponds in diagnosis, severity, and duration to a listed impairment.

23        Here, Plaintiff contends that his medically determinable impairments met

24   or equaled Listing 2.08(A) and Listing 2.08(B), and that the ALJ's decision was

25   not based on substantial evidence in the record.  (JS at 4.)  Plaintiff claims that at

26   least as of August 8, 2005, Plaintiff's hearing loss met Listing 2.08(A), "which

27   specified that the individual must have an average hearing threshold of 90

28

                                         3

decibels or greater at 500, 1,000 and 2,000 MHz." (Id.)  Plaintiff also argues that the medical evidence shows a speech discrimination percentage which meets the required levels of severity pursuant to Listing 2.08(B).  (Id.)

### 1.   **Listing 2.08(A).**

Listing 2.08(A) provides that a person meets the criteria for this section if the evidence shows as follows:

> *Hearing impairments* (hearing not restorable by a hearing aid) manifested by: [¶] . . . Average hearing threshold sensitivity for air conduction of 90 decibels or greater and for bone conduction to corresponding maximal levels, in the better ear, determined by the simple average of hearing threshold levels at 500, 1000 and 2000 hz. (see 2.00B1).[4]

20 C.F.R. pt. 404, subpt. P, app. 1 § 2.08(A).  Plaintiff contends that he suffered an average hearing threshold sensitivity of 90 decibels or greater at 500, 100, and 2000 hz.  (JS at 4.)

---

[4] Section 2.00(B)(1) provides:

Hearing ability should be evaluated in terms of the person's ability to hear and distinguish speech.

Loss of hearing can be quantitatively determined by an audiometer which meets the standards of the American National Standards Institute (ANSI) . . . .

Speech discrimination should be determined using a standardized measure of speech discrimination ability in quiet at a test presentation level sufficient to ascertain maximum discrimination ability.  The speech discrimination measure (test) used, and the level at which testing was done, must be reported.

Hearing tests should be preceded by an otolaryngologic examination and should be performed by or under the supervision of an otolaryngologist or audiologist qualified to perform such tests.

20 C.F.R. pt 404, subpt. P., app. 1 § 2.00(B)(1).

1    Here, the ALJ determined that Plaintiff did not meet the requirements of
2    Listing 2.08(A) reasoning:

3         On August 8, 2005 John C. Barker, M.D.,[5] stated that the
4         claimant had moderate to severe sensory nerve loss and poor speech
5         discrimination. Recommendation was to continue using amplification.
6         On February 2, 2006, the claimant was fitted for hearing aids.  On
7         February 12, 2007, both left and right were retubed under warranty.
8         Also  on  August  8,  2005,  diagnostic  audiological  evaluation
9         recommended continuing use of amplification for at least the left ear
10        and consider evaluation for eligibility for cochlear implant.
11   (AR at 16, 126-28, 165-68.)  The ALJ also opined that Plaintiff "does not meet
12   any listing as his average hearing threshold sensitivity in the better ear is lower
13   than 90 decibels."  (Id. at 16.)
14        Mr. Barker's diagnostic audiological evaluation showed that Plaintiff's
15   speech reception threshold ("SRT") with a hearing aid was forty-five decibels in
16   his left ear and fifty decibels in his right ear.  (Id. at 128.)  An associate of Mr.
17   Barker, Ms. Lillywhite, also concluded that Plaintiff had moderate to severe
18   sensory nerve loss and poor speech discrimination.  (Id. at 168.)  Ms. Lillywhite
19   confirmed that Plaintiff's SRT with a hearing aid was forty-five and fifty decibels
20   in his left and right ears, respectively.  (Id.)  Previously, on June 15, 2004, Mr.
21   Barker found that Plaintiff's SRT without a hearing aid was eighty decibels in his

22
23        [5] Although the ALJ referred to Mr. Barker as an M.D., there is no
     indication in the record that Mr. Barker actually is a medical doctor.  While it is
24   unclear whether Mr. Barker qualifies as an "acceptable medical source" entitled
25   to the deference afforded treating doctors, his opinion may be used to show the
     severity of Plaintiff's impairments and impact on Plaintiff's work ability.  See 20
26   C.F.R. §§ 404.1513(a), (d).  Notably, Plaintiff does not contend that the ALJ
27   afforded Mr. Barker's opinion improper weight.  See generally JS.
28

1   left ear and eighty-five decibels in his right ear.  (Id. at 126-27.)  Mr. Barker

2   observed that Plaintiff relies on amplification and lip recognition for

3   communication.  (Id. at 127.)  He concluded that Plaintiff has moderate to severe

4   sensorneural loss bilaterally.  (Id. at 126.)  Although Plaintiff's uncorrected loss

5   one year later was 90 decibels in both ears, the sensitivity was below the 90

6   decibel threshold with hearing aids.  (Id. at 128.)  Based on the foregoing, there is

7   no evidence in the record that Plaintiff's average hearing threshold sensitivity, not

8   restorable by a hearing aid, was 90 decibels or greater in his better ear.  As a

9   result, Plaintiff's impairment did not meet or equal Listing 2.08(A).

10       Plaintiff argues that the ALJ should have considered the results of two

11   audiograms performed by Daryn R. Carrillo, a hearing instrument

12   specialist/audiologist, on January 10, 2006, and October 26, 2006.  (JS at 4; AR at

13   165, 167.)  However, the audiograms are not self-explanatory, nor does Mr.

14   Carillo provide any findings discussing the results of the audiograms.  (AR at

15   163-67.)  Thus, the ALJ did not err by not considering these audiograms.  Thomas

16   v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("[t]he ALJ need not accept the

17   opinion of any physician, including a treating physician, if that opinion is brief,

18   conclusory, and inadequately supported by clinical findings."); see also Matney

19   ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (same).

20       Based on the foregoing, the Court finds that the ALJ relied on substantial

21   evidence to correctly determine that Plaintiff did not meet or equal Listing

22   2.08(A).  Thus, there was no error.

23       **2.   Listing 2.08(B).**

24       Listing 2.08(B) provides that a person meets the criteria for this section if

25   the evidence shows as follows:

26       *Hearing impairments* (hearing not restorable by a hearing aid)

27       manifested by:  [¶] . . . Speech discrimination scores of 40 percent or

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

less in the better ear.

20 C.F.R. pt. 404, subpt. P, app. 1 § 2.08(B). Plaintiff inexplicably contends he meets or equals Listing 2.08(B) because his speech discrimination score in his better ear was sixty percent. (JS at 4.)

Here, the ALJ determined that Plaintiff did not meet the requirements of Listing 2.08(B) stating, "The claimant's speech discrimination also does not meet the criteria of any listing." (AR at 16.) The record supports this opinion, as the evidence shows a score of sixty percent which does not meet the Listings requirement of forty percent or less. (Id. at 119-20, 126, 128, 168.) As a result, the Court finds that the ALJ relied on substantial evidence to correctly determine that Plaintiff did not meet or equal Listing 2.08(B).[6] Thus, there was no error.

**B.    The ALJ Properly Evaluated Plaintiff's Subjective Complaints.**

Plaintiff contends that the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, to reject his subjective complaints. (JS at 6-8.) In particular, Plaintiff argues that the ALJ failed to consider his subjective statements as to the severity of his hearing loss and its impact on his daily activities. (Id. at 6.)

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

---

[6] Plaintiff also argues that if Listings 2.08(A) and (B) are not individually met, then the combination of hearing loss and speech discrimination loss is consistent with meeting Listing 2.08. (JS at 4.) However, Plaintiff fails to provide any authority to support this contention. See Roberts, 66 F.3d at 182; see also Vick, 57 F. Supp. 2d at 1087.

Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton" test, where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284.

Social Security Ruling ("SSR") 96-7p further provides factors that may be considered to determine a claimant's credibility such as:

1) the individual's daily activities;

2) the location, duration, frequency, and intensity of the individual's pain and other symptoms;

3) factors that precipitate and aggravate the symptoms;

4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

8

5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p.

Here, the ALJ expressly discredited Plaintiff's subjective complaints by providing:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. Although the claimant claimed he cannot understand what is being asked, when his attorney yelled a question at him at the hearing, . . . the claimant answered correctly. The claimant alleges disabling impairments, however the most recent treatment notes in the record are dated September 2006. The claimant has not had any ongoing recent treatment this year for any alleged disabling impairment. The claimant is not taking any prescribed medications for his alleging impairments, and his dialysis was temporary and stopped after his renal failure was resolved. Consequently, the claimant's allegations of disability limitations are not supported by the evidence of record.

(AR at 17.)

Plaintiff contends that he cannot use phones, is unable to communicate effectively, and is unable to hear without difficulty. (JS at 6-8; AR at 79, 86-88,

93.)  However, the ALJ based his adverse credibility determination, in part, upon his observations at the hearing.  During the hearing, Plaintiff indicated that he was having difficulty hearing the questions posed to him by his attorney and the ALJ.  (AR at 179-80.)  However, after his attorney and the ALJ spoke louder, Plaintiff was able to understand and respond to the questions.  (Id. at 179-83.)  Accordingly, the ALJ determined that Plaintiff could hear and understand the questions posed to him.  (Id. at 17, 179-83.)  While it is impermissible for the ALJ to rely solely on the claimant's appearance at the hearing, the "inclusion of the ALJ's personal observations does not render the decision improper." Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (citing Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985)).  Moreover, the ALJ may rely on ordinary techniques of credibility evaluation, such as testimony by the claimant that appears less than candid, as he did here.  See Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284.  Thus, the ALJ provided a clear and convincing reason to reject Plaintiff's testimony regarding the severity of his pain.  See Cotton, 799 F.2d at 1407; see also Smolen, 80 F.3d at 1281; Dodrill, 12 F.3d at 918; Bunnell, 947 F.2d at 343.

Next, the ALJ also based his adverse credibility determination on the lack of medical evidence documenting Plaintiff's alleged disabling impairments.  (AR at 17.)  While Plaintiff provided the ALJ with medical records on the day of the hearing documenting two audiograms performed on January 1, 2006, and October 10, 2006 (id. at 165-67), all the other medical evidence concerned 2006, and treatment from June 2004 through August 2005 (id. at 118-28, 163-68).  The ALJ incorrectly states that the most recent treatment notes are dated September 2005.  (Id. at 17.)  However, the ALJ's minor error here does not impact the decision and is harmless.  Generally, if "harmless error" occurred in the administrative process, the claimant is not entitled to a remand.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error rule applies to review of administrative

10

decisions regarding disability); <u>Booz v. Sec'y of Health and Human Servs.</u>, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (same).  As stated above, these two audiograms are brief, not self-explanatory, and are not supported by any relevant medical findings or conclusions.  <u>See</u> <u>supra</u>, Discussion, Part III.A.2.

Based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's credibility regarding his subjective complaints as to his hearing loss.[7]

## IV.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated:  March 5, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[7]  Plaintiff also argues that the ALJ failed to consider the factors "mandated" by SSR 96-7P.  (JS at 7.)  To the extent that Plaintiff is arguing that the ALJ erred by failing to explicitly consider the factors listed in SSR 96-7P, the ALJ is not required to consider such factors, but <u>may</u> utilize such factors to assess a Plaintiff's credibility.  <u>See</u> SSR 96-7P.

11